<u>NOT FOR PUBLICATION</u>

**United States District Court
for the District Of New Jersey**

|  |  |  |
|---|---|---|
| PAMELA CRUZ, | : | |
| | : | Civil No.: 08-1644 (KSH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**<u>Katharine S. Hayden, U.S.D.J.</u>**

In 2006, Pamela Cruz pleaded guilty to one count of theft, embezzlement, or misapplication by a bank officer, a violation of 18 U.S.C. § 656. Her plea agreement contained a conditional appeal and collateral-attack waiver barring any challenge to a sentence falling within or below the recommended Guidelines range arising from an offense level of 24. The Court sentenced Cruz pursuant to offense level 24 to a term of 51 months—the bottom of the Guidelines range of 51 to 63 months—to be followed by three years of supervised release. Restitution was set at $1,122,518.62. Cruz has been released from prison; her term of supervision expired on September 7, 2013.

Cruz has filed a *pro se* 28 U.S.C. § 2255 motion that will be dismissed for two substantive and two procedural reasons. As indicated above, Cruz pleaded guilty pursuant to a plea agreement that contained a conditional waiver of appellate and collateral attack rights; the condition—that her sentence fall within the stipulated guideline offense level of 24—was satisfied. As such, her motion is barred by the collateral attack waiver. *See United States v. Mabry*, 536 F.3d 231, 237–39 (3d Cir. 2008). Second, her conviction became "final" shortly after she was sentenced in October 2006, as she did not take a direct appeal. This § 2255 motion

1

was filed, at the earliest, on March 31, 2008—more than a year later.  It is untimely under 28 U.S.C. § 2255(f), and none of Cruz's explanations for her late filing rises to the level of "extraordinary circumstances" that would justify equitable tolling of the one-year limitations period.  *See Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013)

Procedurally, Cruz failed to update her address within seven days of being released from prison, as is required by D.N.J. L. Civ. R. 10.1(a).  *Appiah v. U.S. Customs & Immigration Serv.*, No. 11-317, 2012 WL 4505847, at *3 n.1 (D.N.J. Sept. 25, 2012) (Cecchi, J).  And while Cruz was "in custody" at the time she filed her motion, her sentence has since been fully discharged, rendering moot any collateral attack on it.  *Cf. Dawson v. Scott*, 50 F.3d 884, 886 (11th Cir. 1995).

Accordingly, Cruz's motion will be dismissed via appropriate order.  No certificate of appealability will be issued.  *See* 28 U.S.C. § 2253(c)(2).

Dated: July 11, 2014

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.